[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14073
Non-Argument Calendar

_____

D. C. Docket No. 07-60106-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL POSTMA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 29, 2008)**

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-appellant Michael Postma was indicted on four counts of

distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (counts 1-4), and one count of possession of material containing images of child pornography, in violation of 18 U.S.C. § 2252A(A)(5)(B) (count 5). Pursuant to a written plea agreement, he pleaded guilty to one count of distribution of child pornography.

According to the factual proffer, Detective James McLaughlin, posing as a fourteen-year-old boy, joined an email group, the director of which had been known for sharing visual depictions of child pornography. Through this email group, McLaughlin began to communicate with an adult man later identified as Postma, who was an elementary school teacher. Between January and March, 2007, Postma and McLaughlin engaged in many sexually explicit chats, and on several occasions, Postma sent pictures of young boys committing sexual acts. Police were able to trace the communications to Postma, and, pursuant to a search warrant, discovered more than 100,000 images on Postma's computer. Of those, about 70,000 depicted bondage, sadistic, and/or masochistic images. Postma waived his rights and admitted sending images to a person he believed to be a fourteen-year-old boy. He further admitted that he had traded more than 1,000 pictures of boys aged 7 and older, and that some of the images involved bondage.[1]

---

[1] The government also proffered that Postma had admitted being aroused by boys in his class, although Postma disputed making such a statement.

2

The presentence investigation report ("PSI") calculated the total adjusted offense level as 37, which included numerous specific offense characteristics and a reduction for acceptance of responsibility. Postma had no prior criminal history, resulting in a guidelines range of 210 to 240 months. 18 U.S.C. § 2252A(b)(1); U.S.S.G. § 5G1.1(c)(1).

Postma made no factual or legal objections to the PSI, but filed a request for a sentence below the guidelines range, arguing that a sentence of 120 months would be sufficient under the sentencing factors in 18 U.S.C. § 3553(a). In his motion, Postma noted that he had not attempted to seduce or even meet the minor he was communicating with and there was no evidence that he had molested or made inappropriate advances toward anyone.

At sentencing, Postma explained that the internet chats were discussions offering support to a young boy struggling with his homosexuality. He noted that he had no criminal history, had cooperated with authorities, and had submitted numerous character references. He also pointed to other cases involving similar conduct in which the courts had imposed 120-month sentences. The government reminded the court that (a) four counts of the indictment were dismissed under the plea agreement, (b) Postma had placed himself in a situation of temptation as a teacher, (c) over 100,000 images were involved, and (d) the internet chats were

3

sexual in nature and had encouraged the minor to engage in sexual contact with his twelve-year-old brother. The court reviewed the transcripts of the chats between Postma and McLaughlin, which indicated that the conversations were sexual in nature and were grossly inappropriate. The court explained that the offenses were very serious crimes, that Postma had placed himself in situations that put children at risk, and that he had encouraged a minor to engage in incestuous sexual activity. Considering the § 3553(a) factors, the court found that a sentence at the low end of the advisory guidelines range was reasonable and necessary to punish, deter, protect society, and promote respect for the laws, and imposed a sentence of 210 months' imprisonment. Postma objected to the sentence as unreasonable and now appeals.

"'In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors.'" United States v. Valnor, 451 F.3d 744, 750 (11th Cir. 2006) (quoting United States v. Thomas, 446 F.3d 1348, 1349 (11th Cir. 2006)). This reasonableness standard is deferential, and Postma bears the burden of establishing that the sentence is unreasonable. United States v. Bohannon, 476 F.3d 1246, 1253 (11th Cir.), cert. denied, 127 S.Ct. 2953 (2007); United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

4

The Supreme Court recently clarified the reasonableness standard as a review for abuse of discretion. Gall v. United States, ---U.S. ----, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). Specifically, the district court must impose a sentence that is both procedurally and substantively reasonable. Id. at 597. When reviewing the sentence for procedural reasonableness, this court must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 128 S.Ct. at 597.

Substantive reasonableness involves inquiring whether the court abused its discretion in determining that the statutory factors in 18 U.S.C. § 3553(a) support the sentence in question. Gall, 128 S.Ct. at 597, 600. Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2), namely reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. See 18

5

U.S.C. § 3553(a)(2). Section 3553(a) also requires the sentencing court to consider the nature and circumstances of the offense, the Guidelines range, and the need to avoid unwarranted sentence disparities. See 18 U.S.C. § 3553(a)(1), (4),(6). This court may conclude that a district court abused its discretion if it has weighed the factors in a manner that demonstrably yields an unreasonable sentence. United States v. Pugh, 515 F.3d 1179, 1191(11th Cir. 2008).

Here, Postma has not met his burden to show that the sentence imposed was procedurally or substantively unreasonable or that the court abused its discretion. As the court explained, the offenses involved were very serious crimes, Postma put himself in situations that had placed children at risk, and the internet communications involved inappropriate sexual content that encouraged a fourteen-year-old boy to engage in sexual activity with his twelve-year-old brother. Moreover, the offense involved more than 100,000 images of child pornography, many of which were sadistic or depicted bondage. In light of these facts, a sentence at the low end of the range was sufficient but not greater than necessary to punish, deter, protect society, and promote respect for the laws. Accordingly, we AFFIRM.